**Below is an Opinion of the Court.**

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In Re: ) Bankruptcy Case
) No. 08-60574-aer13
NATHAN LESTON SKINNER, )
) MEMORANDUM OPINION
Debtor. )

    The debtor Nathan Leston Skinner's ("Debtor") Emergency Request to Stay the Eviction Set for March 27, 2008 by Creditor Seretteau Green Sought in Violation of the Automatic Stay Which Has Been in Effect Since February 22, 2008 per Judge Radcliffe ("Emergency Motion") was heard on Wednesday, March 26, 2008, at 1:30 pm (the "Hearing"). The Debtor, David Grokenberger, Esq., counsel for Mr. Seretteau Green ("Landlord"), and Paul Garrick, Esq., counsel for Mr. Fred Long, the chapter 13 trustee, all appeared by telephone at the Hearing. The court opened the Hearing by advising the parties that it had reviewed the Emergency Motion, and the papers attached thereto, and had taken judicial notice pursuant to Federal Rule of Evidence 201 of the docket in the Debtor's chapter 13 bankruptcy case, particularly reviewing the Debtor's bankruptcy petition, schedules, Statement of Financial Affairs, statement of current monthly

Page 1 - MEMORANDUM OPINION

income on Form B22C, and initial chapter 13 plan, as well as the Debtor's Request for Emergency Filing of Bankruptcy as of the Original Date of Tender and supporting letter, and the Debtor's request for waiver of the credit counseling and financial education course requirements. The court then proceeded to hear testimony and argument from the Debtor and Mr. Grokenberger.

Based on the documents of record in the Debtor's bankruptcy case and the testimony and arguments presented at the Hearing, the court announced that it would deny all relief requested in the Emergency Motion. The court's findings and conclusions in support of its ruling, pursuant to Federal Rule of Civil Procedure 52(a), applicable with respect to this contested matter pursuant to Federal Rule of Bankruptcy Procedure 9014, are set forth as follows.

The Debtor filed his bankruptcy petition effective February 22, 2008. The Emergency Motion was filed on March 25, 2008, seeking, in effect, to impose the stay under Section 362 of the Bankruptcy Code (11 U.S.C. § 362), on the Landlord to prevent the Landlord from retaking possession of real property located at 7560 Cathedral Oaks Road #8, Goleta, California 93117 (the "Property") pursuant to an unlawful detainer judgment of the Santa Barbara, California Superior Court ("Superior Court") entered on March 19, 2008.

Since the relief requested in the Emergency Motion is in the nature of "an injunction or other equitable relief," effectively a temporary restraining order, the Emergency Motion is procedurally incorrect, in that such relief is required to be sought through an adversary proceeding, rather than by means of a motion in the main

Page 2 - MEMORANDUM OPINION

bankruptcy case, pursuant to Federal Rule of Bankruptcy Procedure 7001(7). The Debtor is proceeding pro se and asks for the court's indulgence of deficiencies in his pleadings. However, accommodating any deficiencies as to form in requesting relief does not make up for the fact that, as a matter of substance, the Debtor has not met the evidentiary standards for the relief requested.

In the Ninth Circuit, to obtain a temporary restraining order or preliminary injunction, the moving party bears the burden of proof to establish

> either (1) a combination of probable success on the merits *and* the possibility of irreparable injury if relief is not granted, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor.

First Brands Corp. v. Fred Meyer, Inc., 809 F.2d 1376, 1381 (9th Cir. 1987)(emphasis in original).

The evidence before the court reflects the following: The Landlord entered into a lease agreement for the Property not with the Debtor, but with Ms. Denise d'Sant Angelo ("Sant Angelo") in 2006. The Debtor's name does not appear in the lease agreement or in the lease application as a proposed occupant of the Property. The Debtor did not guarantee the performance of Sant Angelo's obligations under the lease agreement. His name was given to the Landlord as a reference for Sant Angelo, as a former landlord. As a result of nonpayment of rent, the Landlord initiated an unlawful detainer action ("Unlawful Detainer Suit") against Sant Angelo before the Superior Court in October 2007. Thereafter, Sant Angelo filed a chapter 13 bankruptcy petition in Case No. SV07-14093-MT in the bankruptcy court for the Central District of

Page 3 - MEMORANDUM OPINION

California, which resulted in suspension of the Unlawful Detainer Suit by application of the automatic stay of Section 362. Sant Angelo's bankruptcy case was dismissed with a 180-day bar to refiling "under any chapter of the Bankruptcy Code . . . without prior approval of the court," by order entered on December 27, 2007. Internet review of California bankruptcy court records reflects as many as 10 bankruptcy filings by Sant Angelo since 1994. Mr. Grokenberger testified that he was aware of 7 or 8 bankruptcy filings by Sant Angelo over the past 5 to 6 years.

Following the dismissal of Sant Angelo's bankruptcy case, the Unlawful Detainer Suit proceeded to a judgment in favor of the Landlord on March 19, 2008. A writ of possession has been issued to effect the judgment that, according to Mr. Grokenberger, authorizes the Landlord to evict Sant Angelo at 10:00 am on March 27, 2008.

In the Emergency Motion, Debtor asserts that the Landlord accepted rent from him and that he occupied the Property at various points in time, giving him an interest with Sant Angelo as "Co-Debtor." Debtor further asserts that "I have not removed the balance of my possessions from" the Property. Mr. Grokenberger testified that he had no information that Debtor had personal property at the Property or as to Debtor's occupancy of the Property.

Debtor argues that the automatic stay applied from the inception of his chapter 13 case to prevent the Landlord from obtaining judgment in the Unlawful Detainer Suit and should apply to prevent the Landlord from completing the process of eviction. He further states that the Landlord "is scheduled to be paid rent if any is due thru my Chapter

Page 4 - MEMORANDUM OPINION

13 plan, as he is a listed creditor in my bankruptcy." The schedules, Statement of Financial Affairs and initial chapter 13 plan filed by the Debtor tell a very different story.

In Debtor's Schedule A-Real Property, in which debtors in bankruptcy are required to "list all real property in which the debtor has any legal, equitable or future interest," the Property is not listed. In Debtor's Schedule B-Personal Property, he does not include any leasehold interest in the Property, and in fact, he does not identify any of his personal property as being located at the Property, even though he generally lists where his tangible personal property is located. The only tangible personal property that is not listed by location on Debtor's Schedule B is "Clothing," valued at $100. On the Debtor's Schedule F-Creditors Holding Unsecured Nonpriority Claims, the Landlord is listed, with an unliquidated, disputed claim in an unknown amount. On his Schedule G-Executory Contracts and Unexpired Leases, Debtor lists none. In his Statement of Financial Affairs, Debtor does not include the Unlawful Detainer Suit as a suit to which he was a party in the year preceding his bankruptcy filing. During the course of argument, Debtor stated that he had some clothes and shoes at the Property, but he could not identify any other personal property at the Property that belonged to him. Mr. Grokenberger advised the court that upon Landlord retaking possession of the Property, the Landlord is required by California law to prepare an inventory of personal property items and grant access to such items by any party who claims an interest in them. He further made a commitment to make sure that any of Debtor's clothes and shoes at the Property would be boxed up and sent to him.

Page 5 - MEMORANDUM OPINION

Under Debtor's initial chapter 13 plan, Debtor does not commit to assume any leasehold obligation to the Landlord, but does move to avoid any liens that the Landlord may have against his property. Since the Debtor has signed no lease agreement with the Landlord, Mr. Grokenberger testified that the Landlord does not have any claim against the Debtor. Debtor projects a 100% distribution on allowed claims of his creditors, but his payments over the life of the plan total only $8,136. If Debtor were really going to pay a claim of the Landlord, the Landlord's money judgment against Sant Angelo is $12,666.13, substantially in excess of the amount Debtor proposes committing to his plan, without considering commissions to the chapter 13 trustee or the claims of any other creditors.

Debtor also asserts in the Emergency Motion:

> I attempted to file the NOTICE OF STAY OF PROCEEDINGS with the . . . Superior Court on several occasions but the court clerk informed me that I would not be allowed to do so. The clerk further informed me that they would ignore the bankruptcy filing because that would "just delay the eviction process."

In fact, Sant Angelo did file the NOTICE OF STAY OF PROCEEDINGS with the Superior Court, and the Superior Court did consider it and struck it in deciding to enter a judgment in favor of the Landlord in the Unlawful Detainer Suit, as reflected in the papers attached by the Debtor to the Emergency Motion itself.

Based on the foregoing review of the evidence before the court at the Hearing, the court finds it unlikely that Debtor will succeed on the merits in attempting to establish a leasehold interest in the Property on the date of his bankruptcy filing that would invoke

Page 6 - MEMORANDUM OPINION

application of the automatic stay of Section 362 of the Bankruptcy Code. Under Federal Rule of Evidence 801(d)(2), the court may consider statements made in a debtor's schedules as admissions. See, e.g., In re Schweizer, 354 B.R. 272, 278 n.3 (Bankr. D. Idaho 2006). Debtor verified and signed his schedules under penalty of perjury. In his schedules, Debtor effectively admits that he has no leasehold interest in the Property.

There further is no evidence tending to establish that Debtor will suffer any irreparable injury as a result of the Landlord completing his eviction of Sant Angelo from the Property. Counsel for the Landlord committed to returning any clothing that Debtor left at the Property to the Debtor. The Debtor does not claim that he has any other personal property items at the Property. Based on this record, the court finds no serious questions on the merits militating in the Debtor's favor, and the balance of hardships tips in favor of the Landlord, who apparently has received no rent for the Property over a considerable period of time, while the Debtor has failed to present any evidence that he faces any real loss as a result of Sant Angelo's eviction from the Property.

The Debtor has failed to meet his burden of proof to establish entitlement to any of the requested relief in his procedurally flawed Emergency Motion. Accordingly, the court will deny the Emergency Motion in a separate order, entered substantially contemporaneously herewith.

# # #

cc: Nathan Leston Skinner
Paul Garrick, Esq.
Fred Long
David M. Grokenberger, Esq.

Page 7 - MEMORANDUM OPINION