

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**  405 East Eighth Avenue, Suite 2600   (541) 431-4050
Virginia H. Denney, Judicial Assistant  Eugene, Oregon 97401   FAX: (541) 431-4047
Howard J. Newman, Law Clerk

June 6, 2008

Mr. Nathan Leston Skinner
PO Box 398
Lakeside, OR 97449

Mr. Paul Garrick
PO Box 467
Eugene, OR 97440

Ms. Colleen M. Dennis
Central Coast Professional
Judgment Recovery Service
315 Meigs Road, A130
Santa Barbara,, CA 93109

RE:  SKINNER, Nathan Leston; Case No. 08-60574-aer13
     Debtor's Motion to Reconsider Order of Dismissal

Dear Ms Dennis & Messrs. Skinner & Garrick:

    This letter is intended to announce my findings of fact and conclusions of law on the above-referenced motion.

    <u>Background</u>:

    This Chapter 13 case was filed by Mr. Skinner, pro se, on February 22, 2008, as a skeletal filing. Several documents were missing and the petition was rejected. It was filed one week later, again as a skeletal filing, with a motion to allow its filing as of the original tender. That motion was granted. The petition lists 4 previous bankruptcies filed in Santa Barbara, California between August, 2002 and August, 2003. It lists "General Delivery" in Lakeside, Oregon as Mr. Skinner's street address. Mr. Skinner paid $100 in filing fees with the filing. He filed an application to pay the remaining balance in installments. That motion was granted by order entered February 29, 2008, requiring the remaining fee of $174 to be paid by April 14, 2008. Mr. Skinner also filed a motion for exemption from the credit counseling and financial management course requirements based on mental disability, stating:1) he suffers from ADD, ADHD, OCD and epilepsy; 2) he was unable to find the definition of "incapacity" in section

109(h); 3) his problems are listed in the ADA definitions of mental disabilities; and 4) his documentation is being withheld from him by a creditor, Freeway Mini-Storage, who has prevented him from removing any of his possessions, including legal documents. The motion for exemption was granted by order entered February 29, 2008.

The court's notice of the Chapter 13 case, served on Mr. Skinner among others, advised that failure to pay filing fees timely or make Chapter 13 plan payments would be grounds for dismissal without further notice or hearing, unless Mr. Skinner or the trustee objected to such a result within 20 days of March 3, 2008. No such objection was filed.

Mr. Skinner filed his schedules and statement of financial affairs (SOFA) on March 13, 2008. Schedule A lists a security interest in a residence in Carpinteria, California, explaining that Mr. Skinner and Susan Skinner (his former wife) sold the home to his "Codebtor" (i.e. Denise d'Sant Angelo). Schedule A notes that the "Codebtor" owned the home and that Susan Skinner re-sold the home to the Launier family with the help of Village Properties. Mr. Skinner maintained, in Schedule A, that all parties had been warned that this was an illegal transaction and that Ms d'Sant Angelo never gave her consent. Schedule F lists 12 creditors, all but 3 being listed as "unliquidated" and "disputed" with an "unknown" amount of debt. Schedule I lists monthly social security income of $1,363 and monthly pension income of $ 272.44, for a total of $1,635.44. It states Mr. Skinner is 71 years old and is seeking employment. Schedule J lists $1,410 in expenses for a monthly net income of $226. Mr. Skinner's SOFA #15 lists his address, until February 1, 2007, as being in Goleta, California.

Mr. Skinner's plan dated February 29, 2008, calls for a monthly payment of $226. It lists one secured creditor and provides for an approximate 100% dividend to general unsecured creditors.

On March 25, 2008, Mr. Skinner filed an emergency motion to enjoin an eviction at the address in Goleta. An emergency hearing was held on March 26th. On March 27th, the court entered its memorandum opinion and order denying the motion. The court found Mr. Skinner did not have a leasehold interest in the property. Instead it was leased to Ms d'Sant Angelo who was in arrears more than $12,000 in rent. The court took judicial notice of 10 previous bankruptcy filings by Ms d'Sant Angelo, the most recent being dismissed with a 180 day prospective order entered on December 27, 2007. The court found, that at most, Mr. Skinner had personal belongings at the property which the landlord's attorney promised to inventory and send to Mr. Skinner. Mr. Skinner has appealed the order denying his motion to the District Court. On April 7, 2008, this court received a letter from the landlord's attorney advising that when the landlord took possession of the Goleta property, none of Mr. Skinner's belongings were on the premises.

The trustee objected to confirmation of Mr. Skinner's plan and moved to dismiss on the grounds that Mr. Skinner had failed to provide the trustee with pay advices and/or proof of income received within 60 days of the filing of the petition per LBR (Local Bankruptcy Rule) 1007-4 and had failed to provide his most recently filed tax returns.

On March 31, 2008, the court received a letter from the Launiers objecting to the statements in Schedule A, alleging they own the Carpiteria property legally as it was obtained

from Mr. Skinner's ex-wife, who was awarded the property through Mr. Skinner's divorce decree.

On April 14, 2008, Mr. Skinner filed an emergency motion to extend the time to pay the remaining filing fee until May 5, 2008. The motion alleged that on or about April 7, 2008, Ms d'Sant Angelo went to pick up his mail at a private post office box and was advised it had been released on or about April 6th to a process server posing as a postal inspector. Mr. Skinner alleged his pension check was in that mail. He represented that he had contacted the issuing bank and advised it of the "stolen" check and that a re-issued check should be coming to his Lakeside address within 2-3 weeks. The motion to extend was granted on April 15, 2008, granting Mr. Skinner an extension until April 30, 2008 to pay the remaining $174. The order provided that failure to timely pay would result in dismissal of the case without further notice or hearing. On April 17, 2008, Mr. Skinner filed what appears to be an application to waive appellate filing fees.

On April 18, 2008, Colleen Dennis dba Centeral Coast Professional Judgment Recovery Services, filed an objection to confirmation, asserting Mr. Skinner's domicile was in California, not Oregon. She questioned Mr. Skinner's $750 Schedule J expense item for monthly rent, as he had listed "general delivery" as his street address. Ms Dennis also questioned why Mr. Skinner listed a $50 monthly telephone expense, yet stated on his petition that he had no phone. She noted Ms d'Sant Angelo's multiple prior filings and maintained, that contrary to Mr. Skinner's contentions in Schedule H, he and Ms d'Sant Angelo were not co-debtors to any of the creditors listed thereon. She alleged inaccuracies in Mr. Skinner's schedules and questioned his depletion of assets. She also disputed the facts as alleged in Mr. Skinner's motion to extend the time to pay filing fees.

On April 24, 2008, the Chapter 13 trustee filed a supplemental objection to confirmation and motion to dismiss alleging he still hadn't received Mr. Skinner's most recently filed tax returns and proof of income. The trustee alleged the plan was ambiguous as to the treatment of San Buenaventure Mini Storage in ¶¶ 2(b)(2) and 6. He noted that, per Mr. Skinner's testimony at his § 341 meeting of creditors, Mr. Skinner had monthly expenses of $500 in support and $226 in storage fees which were not listed on Schedule J. Including these expenses means that Mr. Skinner has negative net monthly income, thus his plan is not feasible. He argued Mr. Skinner's pending motion to waive appellate costs was yet another indication of lack of feasibility. The trustee reported receipt of no plan payments, the first payment having been due March 30, 2008. Finally, he cited Mr. Skinner's burden under 11 U.S.C. § 1325(a)(8)[1] to show his postpetition support payments are current.

On April 28, 2008, Mr. Skinner filed a motion to continue the confirmation hearing, extend the time to pay his filing fee to May 6, 2008 and extend the time to pay or waive the fee for filing his appeal. He represented that the trustee had advised him to make corrections to his documents to be ready for the confirmation hearing.

---

[1] Unless otherwise indicated, all subsequent statutory references are to Title 11 of the United States Code.

Ms Dennis & Messrs. Skinner & Garrick
June 6, 2008
Page-4

Mr. Skinner further stated his intent to seek $313,000 that Mr. Farmer, his Ch. 7 trustee from a previous case in California, allegedly gave to 3 other parties without a court order. He advised he had been trying to get his property held at the mini storage where all his financial information was, but the storage facility would not allow him access. Mr. Skinner noted he intended to get an attorney to seek turnover of funds fraudulently held by Mr. Herzog (his business partner in SexWax, Inc.), his ex-wife Susan Skinner and Mr. Farmer. He alleged Mr. Farmer had no court order to disburse the Ch. 7 estate's funds and that orders of U. S. Bankruptcy Judge Riblet in his prior cases were moot and void because Mr. Skinner "disqualified" her. He also recounted how Santa Barbara County Superior Court Judge Anderle's orders concerning the eviction were without effect as being in violation of the stay and because he too had been "disqualified." He alleged his replacement pension check had not yet arrived as the issuing bank originally sent it to his former address. He alleged another one was sent on to his Lakeside address which might not arrive until May 6, 2008. Mr. Skinner represented he had been diligently searching for work and would take the first job offered in the Coos Bay, North Bend, or Lakeside area, as he had only a bicycle for transportation. Finally, he stated he would move whatever funds were necessary into his Ch. 13 plan to pay all creditors in full. Ms Dennis objected to the continuance, disputing the allegations as to the "stolen" check. Ms d'Sant Angelo filed a statement supporting the motion to continue.

The confirmation hearing was held on April 30, 2008. Mr. Skinner did not appear. The Trustee reported Mr. Skinner had made no plan payments. He also reported he had not received all the information he had requested from Mr. Skinner and reiterated his feasibility concerns.

At the hearing, I announced my findings and conclusions on the record. I noted Mr. Skinner's failure to pay any plan payments and his remaining filing fee, as well as his pending motion to waive his appellate filing fees. In addition, I noted the unscheduled expenses referenced in the trustee's supplemental objection. Further, I examined the totality of the circumstances which are part of the record in this case, including the circumstances surrounding Mr. Skinner's motion for injunction and his application for exemption from the credit counseling briefing and financial management course. I could not find that the plan was feasible, nor could I find it was filed in good faith. I denied Mr. Skinner's motion to continue the hearing, denied confirmation of Mr. Skinner's Chapter 13 plan and dismissed the case by order entered April 30, 2008.

At some point after April 30, 2008, Mr. Skinner tendered the remaining $174 filing fee. On May 12, 2008, Mr. Skinner filed the present motion to reconsider the order dismissing the case.

Discussion:

The issue before me is whether Mr. Skinner has shown sufficient grounds to alter or amend the dismissal order. The applicable rules are FRCP 59(a) and (e), and FRCP 52(b).[2]

Under Rule 59(e):

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice . . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

McDowell v. Calderon, 197 F.3d 1253, 1255, n.1 (9th Cir. 1999) (quoting, 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)). For an error of law or fact to be "manifest," it must be "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." In re Oak Park Calabasas Condominium Association, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003) (quoting Blacks Law Dictionary 563 (7th ed. 1999)).

Under Rule 59(a), granting a motion for a new trial is appropriate if the moving party demonstrates 1) a manifest error of fact; 2) a manifest error of law; or 3) newly discovered evidence. Janas v. Marco Crane and Rigging Co. *(In re JWJ Contracting Co., Inc.)*, 287 B.R. 501, 514 (9th Cir. BAP (Az.) 2002), *aff'd.*, 371 F.3d 1079 (9th Cir. 2004) (internal citation omitted). The same standards apply to a motion to amend or for additional findings under FRCP 52(b). Weiner v. Perry, Settles & Lawson, Inc. *(In Re Weiner)*, 208 B.R. 69, 72 (9th Cir. BAP (N.D. Cal.) 1997), *rev'd on other grounds*, 161 F.3d 1216 (9th Cir. 1998).

As noted, Mr. Skinner failed to appear at the April 30th hearing. He must, therefore, as a threshold, proffer some excuse for his non-appearance. The present motion represents that the morning of the hearing he collapsed and was taken to the hospital. Although this representation is not supported by any declaration or affidavit, I am willing, for the present purposes, to accept it as true. However, my inquiry does not end there. Mr. Skinner must proffer at least some evidence that had he appeared, he would have been able to avoid dismissal. Again, his present motion is not supported by any affidavit or declaration. Further, and in any event, its representations are insufficient on their face to warrant a hearing on the motion, thus it will be denied.

First, the motion offers no excuse for Mr. Skinner's failure to pay any plan payments up to the April 30th hearing, and it does not aver that he has presently tendered these plan

---

[2] FRCP 59 and FRCP 52(b) are made applicable by FRBP 9023 and FRBP 7052 respectively.

payments. Failure to commence making timely plan payments is "cause" under § 1307(c)(4) for dismissal. Moreover, the motion confirms that Mr. Skinner is presently unemployed with no offers of future employment. It further appears that Mr. Skinner is unable to pay his appellate filing fee.[3] Finally, the motion appears to concede that Mr. Skinner has a $500 per month support obligation to his former wife which is not listed on Schedule J. This alone would render the present plan unfeasible.

The motion does not address my findings regarding Mr. Skinner's apparent lack of good faith. In particular, it fails to address what appears to be Mr. Skinner's transparent attempt to invoke the automatic stay to benefit his "codebtor" Ms d'Sant Angelo while Ms d'Sant Angelo was under a prospective order barring her own bankruptcy filing. It also fails to address Mr. Skinner's application for exemption from the credit counseling briefing and financial management course requirements. As noted above, in that application Mr. Skinner certified, under penalty of perjury, that he is mentally incapacitated listing a litany of mental conditions such as ADD, ADHD, OCD etc.[4] The motion was granted without a hearing. However, his

---

[3] The motion concedes that Mr. Skinner had under $200 for all of May's expenses. "Only an individual with regular income may be a debtor under Chapter 13 of this Title" § 109(e).

[4] Section 109(h)(4) applies to exemption from the credit counseling briefing. It is incorporated into § 727(a)(1) to allow for waiver of the financial management course. Section 109(h)(4) provides as follows:

> The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of *incapacity*, disability, or active military duty in a military combat zone. For the purposes of this paragraph, *incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities*; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1). *(emphasis added).*

At least one court has noted, "the purpose of the exemption is to avoid the absurd situation in which a debtor would be required to obtain a briefing even if suffering from Alzheimer's disease or some other disability that would make the briefing meaningless or even impossible." In Re Faircloth, 2006 WL 3731299, n.1 (Bankr. M D N C 2006) (internal citations omitted).

activity in this case calls his mental incapacity into serious question. I take judicial notice that Mr. Skinner has filed lucid: 1) schedules and a plan; 2) multiple motions to waive filing fees; 3) multiple motions for extensions or continuances; 3) a motion for an injunction; 4) a notice of appeal and a separate election to have the appeal heard by the District Court; and, 5) the present motion to reconsider.

Finally, under the April 15th order, the remaining $174 filing fee was due on April 30th. It was tendered thereafter. This is an independent ground to dismiss. § 1307(c)(2).

In short, Mr. Skinner has provided insufficient grounds to alter the order of dismissal. His motion to reconsider lists multiple causes of action he wishes to pursue against third parties. With dismissal, he may pursue those claims in other courts.

The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated. An order consistent herewith will be entered.

        Very truly yours,

        *albert E. Radcliffe*

        ALBERT E. RADCLIFFE
        Bankruptcy Judge

AER:vhd